CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *v.*
WRIGHT.

[No. 13,404.   Filed June 20, 1929.   Rehearing denied September 11,
1929.]

*James M. Blackburn, Frank H. Hatfield, William C. Welborn, Louis L. Roberts, H. T. Dick* and *K. L. Richmond,* for appellant.

*A. E. Gore* and *Nat. H. Youngblood,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover damages on account of alleged personal injuries received by appellee while in the employ of appellant, engaged in interstate commerce.

The complaint, in one paragraph, charges that on October 26, 1926, appellant owned and operated a railroad from Chicago, Illinois, through Indiana, to Evansville, and was then engaged in transporting passengers and freight over said railroad between said terminals; that on said date, appellant maintained a general repair shop in Evansville, for the purpose of repairing its cars used in such transportation; that on said date appellee was employed by appellant as a car repairer, and was engaged with other employees of appellant in repairing cars that were being used in carrying freight from Indiana into Illinois; that on said date appellee and other employees were, by direction of superior officers of appellant, ordered to make certain repairs on a car which was then being used in interstate commerce; that while appellee was so performing such work, another employee was engaged in removing a steel spring from the truck of said car, and, in the performance of such operation, he negligently used a long steel chisel bar by gouging the same with great force against said spring instead of removing the parts that were holding said spring in position; that he knew, or by the exercise of ordinary care should have known, that by striking said spring with a steel chisel bar, such as he was using, chips would fly therefrom; that, while he was so carelessly using said

tool, a chip of steel did fly therefrom into the left eye of appellee, who was engaged in his work, and, as a result thereof, the eyeball of appellee's left eye was lacerated and torn to such an extent that he has lost the entire sight thereof; that, as a result of such injury, the other eye has become weakened, and it will be necessary, in order to save it, for appellee to undergo an operation for the purpose of removing the injured eye. Appellee demanded judgment for $25,000.

Appellant's demurrer to the complaint was overruled and it filed answer in general denial. A trial resulted in a verdict in favor of appellee for $2,250. Appellant's motion for new trial was overruled and judgment was rendered on the verdict, from which this appeal, appellant assigning as error that the court erred in overruling its demurrer to complaint, and in overruling its motion for a new trial.

Presenting error in the court's action in overruling the demurrer to the complaint, appellant states that the action is predicated upon the federal Employers' Liability Act, but that it does not charge any defect or deficiency either of cars, engines, appliances, machinery, track, road-bed or other equipment, as provided in §2 of the act, nor the violation of any statute for the safety of employees, nor the violation of §4 of the act. But it clearly charges negligence of a co-employee and is therefore clearly within the provisions of §8657 U. S. Comp. Stat. 1916, 45 USCA §51, which provides that: "Every common carrier by railroad, while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce. . . resulting, in whole or in part, from the negligence of any of the officers, agents, or employees of such carrier." The complaint is sufficient against appellant's demurrer.

The record does not disclose that the instructions therein were all the instructions given by the court, and there is, therefore, no question presented on alleged errors of the court in giving or refusing instructions. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320.

The evidence was abundant to sustain the verdict. Appellee did not assume the risk of being injured by the negligence of his co-employee as averred, and as proved.

Affirmed.